SCANNED at and Emailed
10/15/18 by [initials] [No.] pages

Jason Goods

vs.

Derrick Molden
Dick Rodriguez
Edward Maldonado

Civil no. 3:18cv1722 AVC

October 15, 2018

## Summary of Complaint

1. Plaintiff, Jason Goods, brings this action under the Free Exercise Clause of the United States Constitution to the First Amendment and the Religious Land Use And Institutionalized Persons Act (RLUIPA) for Defendants denying plaintiff access to spiritual Wiccan compact discs for his inner development as a Witch. Plaintiff seeks declaratory, injunctive and monetary relief.

## Jurisdiction And Venue

2. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1343, 28 U.S.C. § 1331, 42 U.S.C. § 2000cc-2 and U.S.C. 42 U.S.C. § 1983

Venue properly lies in the District of Connecticut pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiff's claim occurred therein.

## The Parties

3. Plaintiff, Jason Goode, is a prisoner in the custody of the Connecticut Department of Correction who is confined at the Northern Correctional Institution in Somers, Connecticut and which is the place where the violation, described herein, occurred.

4. Defendant Derrick Molden is the deputy warden of operations, administration and treatment. As such, he is responsible for assisting the warden in the creation and enforcement of policies at Northern, the training and supervision of persons working at Northern, and the custody and care of inmates at Northern. At all relevant times, he was acting within the scope of his employment and under the color of law. He is being sued in his individual and official capacities.

5. Defendant Nick Rodriguez is the current warden of the Northern Correctional Institution

2.

As such, he is responsible for the creation and enforcement of policies at Northern, the training and supervisions of persons working at Northern, and the custody and care of inmates at Northern. At all relevant times, he was acting within the scope of his employment and the color of law. He is being sued in his individual and official capacities.

6. Defendant Edward Maldonado is the District Administrator of District 2. As such, he is responsible for the supervision of all the Wardens and Deputy Wardens in District 2 — including Defendants Mulden and Rodriguez. As such, he is responsible for the oversight of review dispositions of inmate grievance appeals.

## Statement of Facts

7. Plaintiff has been affiliated by the Connecticut Department of Correction as Wiccan as early as 2005.

8. Wicca/Witchcraft is a religion that includes a number of varied traditions. Eclectic Wicca

3

is the most common varieties of Wicca in the United States. Eclectic Wicca is a highly individualized, syncretic tradition; although there are many similarities among Eclectic Wiccans, its practitioners ultimately craft their own spiritual paths and adopt rites originating in a variety of world religions. There is no centralized authority that designates the practices of Eclectic Wiccans.

9. Most pagans use ritual tools as part of individual and group ceremonies. A sampling of the most common include: altar, altar cloth, annointing oil, bell, blades, wands, chalice, pentacle, dish, solar and/or lunar calender, candles, candle holders, cauldron, drinking horn, cord, quartz crystal, feather, sacred herbs (such as sage, frankincense, rosemary, others), incense, incense burner, matches/lighter, drum, rattles, musical instruments, spiritual journal/book of shadows, paper, pens, pentacle, cornucopia, religious art such as deities sculptures, religious books and other publications, religious feast items such as cider and bread, religious audio/visual recordings and players, salt, mirrors/scrying glass, seasonal symbols, tarots, runes, I-Ching, meditation cards, staff, broom, amulets/spirit bag and others.

4

10. On February 13, 2018 Plaintiff submitted an Inmate Request form to Deputy Warden Derrick Molden to order a spiritual compact disc pertaining to his religious practice for spiritual developmental purposes.

11. A month later on March 13, 2018, Defendant Molden replied to plaintiff by stating "on your current status you are not allowed these items. See attached Exhibit A.

12. Defendant Nick Rodriguez, on April 6, 2018, responded to Plaintiff's Inmate Administrative Remedy form, attached hereto as Exhibit B, by stating "Unit Directive 6.10.1 does not permit compact discs while on Administrative segregation.

13. Plaintiff appealed this decision to Defendant Edward Maldonaldo who denied the appeal on 5/9/18 by alleging unspecified safety and security concerns and plaintiff's segregation status. See attached Exhibit C.

14. Defendants' policy is not reasonably related to a legitimate penological interest as it fails to adequately embrace the Reasonable Relationship Standard set forth in Turner v. Safely and in

5

Goode v. Bruno, 3:10-cv-1736(SRU), Document 118.

15. Defendants in their written denials (i.e. attached exhibits) neither have shown that their policy is in the least restrictive means of serving their supposed compelling interest under the Religious Land Use And Institutionalized Persons Act, 42 U.S.C. 2000cc-1(a).

16. Defendant's irrational policy has placed a substantial burden on plaintiff in such a way that it inhibits plaintiff's progress of inwardly developing as an adherent of this religion and from directly communicating with deities.

17. Defendants have failed to attempt to consult with plaintiff for reasonable religious accommodation, in concern of this matter, that would not effect their supposed security concerns nor have they considered methods of accommodating plaintiff from his most recent suit of Goode v. Bruno, 3:10cv1736 (SRU).

## Causes of Action

18. Plaintiff incorporates the allegations in paragraph

6

1-18.

19. Defendant Molden violated Plaintiff's rights of the Free Exercise Clause to the First Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act by failing to determine whether there are alternative means of exercising the right...and not showing that the policy, in the denial, is in its least restrictive means, thus denying plaintiff's religious exercise, through radio means, for spiritual developmental purposes.

20. Defendant Rodriguez violated plaintiff's rights of the Free Exercise Clause to the First Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act by allowing the continuance of such a policy or custom to encroach upon plaintiff's rights when he (Rodriguez) had the authority and ability to reverse and rectify this decisional error of Defendant Molden.

21. Defendant Maldonado violated plaintiff's rights of the Free Exercise Clause to the First Amendment of the United States Constitution

7.

and the Religious Land Use and Institutionalized Persons Act by, after being informed via written appeal about this wrong, failed to remedy this wrong and assisted in creating or allowing a policy or custom under which unconstitutional practices occurred and continued which Defendant Maldonado grossly and negligently, under his supervision, permitted his subordinates to commit.

### Exhaustion of Administrative Remedies

22. Plaintiff has exhausted his administrative remedies to the hilt on this matter.

### Prior Lawsuits Filed

23. Plaintiff has settled Goode v. Blue, 3:10 CV 1315 (WIG), which consisted of excessive use of force.

24. Goode v. Quiros, et al 3:12-cv-1205 (JCH) is currently pending for trial and involves excessive use of force.

25. Plaintiff has filed Goode v. Bruno, 3:10 CV 1734

8

(SRU). This action involved a deprivation of religious exercise and has been settled.

26. Currently pending and being litigated, pro se, is Gude v. Faneuil, et al 3:14-cv-00498-AVC and involves an invasion of attorney-client privacy.

27. Gude v. Champion, et al 3:17-cv-01188-AVC is currently before the court and involves various forms of excessive use of force.

28. There is no current civil action pending as the matter complained herein.

## Prayer For Relief

A. Plaintiff seeks a permanent injunction, enjoining the defendants from prohibiting or disallowing the plaintiff from purchasing and listening to spiritual/religious compact discs of his religious affiliation while or whenever on administrative segregation.

B. To be awarded nominal damages

9

C. To be awarded compensatory damages under the First Amendment

D. To be awarded punitive damages

E. Costs, expenses and attorneys fees.

### Jury Demand

The plaintiff wishes to have a jury trial.

Plaintiff
*/s/ Jason Goode*
Jason Goode